GRAVEN v. PENNSYLVANIA RD. CO.

*Negligence—Automobile stalled on railroad tracks—Question for jury—Exercise of care—Stopping train after knowledge of driver's peril—Signalling train or attempting to remove automobile.*

Where an automobile is stalled on the middle one of three parallel railroad tracks, on a dark night, with the headlights shining eastward down the tracks and a red light in the rear, and a passenger train approaches from the east on one of the outside tracks, passes the automobile and meets a freight train going in the opposite direction on the middle track, and then a freight train approaches the automobile on the other outside track, and the engineer of such train sees the automobile and the people trying to get it off the track, first decides to stop and then proceeds with his train for some distance past the automobile before stopping and going back to attempt to signal the freight train on the center track to stop before striking the automobile, *Held:*

1. Regardless of whose fault it was that the automobile was on the track, the situation presents a question for the jury to determine whether the railroad company, knowing of the presence of the automobile on the track and of its approaching train on that track, exercised reasonable and

[1] Railroads, 33 Cyc. p. 1129.

ordinary care to stop such train and prevent its colliding with the automobile.

2. In such case it is a question for the jury to determine whether, under all the circumstances, ordinary care required the plaintiff, the owner of the automobile, to go down the track and attempt to signal the train, rather than to attempt to get his automobile off the track.

(Decided June 2, 1925.)

ERROR: Court of Appeals for Wayne county.

*Mr. A. D. Metz,* and *Mr. O. D. Kaufman,* for plaintiff in error.

*Messrs. McCarty, Armstrong, Burt & Kinnison,* for defendant in error.

WASHBURN, J. Dr. Thomas A. Graven sued the Pennsylvania Railroad Company in the Common Pleas Court of Wayne county to recover damages for the destruction of his automobile at the place where a highway crosses the tracks of that company at grade. The crossing is westerly from Wooster a short distance; is not at right angles, but is diagonal; and at said crossing there are three tracks.

The parties are the same in this court as in the court below, and will be hereafter referred to as plaintiff and defendant.

The plaintiff was returning in a Ford car to Wooster at a little after 11 o'clock at night; the weather was misty and the night dark; the highway, a dirt road, was wet, and the planking of the crossing was wet and muddy and slippery.

As the plaintiff approached the crossing there

[2] Railroads, 33 Cyc. p. 1111.

were no trains in sight, and he drove his car in low gear across the first track, but as he drove upon the second or middle track, his car suddenly turned to the right down the middle track, stopping lengthwise of the track a rod or so from the planking on the crossing.

The lights on the car were lit, the headlights shining eastward toward Wooster and the rear red light westward, the railroad running in an easterly and westerly direction. The plaintiff tried to back his car toward the crossing, but was unable to do so; three young men drove by in a horse and buggy and they stopped to assist plaintiff.

A passenger train passed on the north track going westerly, approaching said motor car from the direction in which the headlights shone, but the passenger train did not stop, and the trainmen thereof did not notify any of the trains which they met going easterly towards said crossing of the presence of the automobile on the track.

Soon thereafter a slow-going freight train approached from the west, going east on the south track, both the engineer and conductor of which noticed the red light on the automobile before they reached it, and both of whom saw the automobile, and the parties trying to remove it from the track, but proceeded with the train a long way past said crossing, although they knew that a freight train was soon to come on the middle track from the west, and knew to what extent the condition of the weather interfered with the seeing of said automobile and the red light thereon; the conductor of said passing freight train, however, when his train was stopping quite a distance past the crossing, jumped off and ran back with a red and white lan-

tern in an attempt to flag the train that he knew would be coming from the west on the middle track, the track on which was the automobile, but he was unable to get back past the crossing far enough to flag and stop the train on the middle track before it hit and demolished the automobile.

During this time the plaintiff, and the three boys who were helping him, were trying to get the car off the track, but were unable to do so, and when they noticed the approaching train on the middle track, one of the boys, who had a flashlight, ran towards the train, signalling it with the flashlight to stop; he ran down towards the approaching train farther than said conductor, who had a red and white light and was signalling the approaching train to stop as best he could.

There was the testimony of several witnesses that the planking on the crossing was out of repair —that there was a crevice between a plank and a rail of the middle track, and this testimony was not contradicted, and the plaintiff testified that such defect in the crossing caused his automobile to turn down the track, but on cross-examination he admitted that in a statement which he made to the company soon after the accident he had said that he thought that the defect in the planking did not cause his car to swerve off the crossing but that same was due to the fact that the tires, as well as the crossing, were wet and slippery.

Upon the trial the verdict and judgment were for the defendant railroad company.

In this proceeding in error, complaint is made as to the charge of the court.

For the purpose of this opinion, in view of the statement made to the company by the plaintiff, we

will assume that the jury might properly find that the crevice between the rail and the plank on said crossing was not the cause of the automobile swerving off of the crossing and on to the track, but that the same was caused by the wet and slippery condition of the tires and the crossing and tracks, so that the plaintiff could not recover for any claimed negligence of the company in reference to the planking.

In our opinion, the evidence does not warrant the conclusion that the plaintiff was negligent in the driving of his automobile, but if he was, except for the continuing effect of such negligence, we are clearly of the opinion that the plaintiff was not negligent after his automobile was on the track, and that reasonable minds cannot differ as to this last proposition.

We then have this situation: the automobile is on the middle one of the three tracks, which are close together, with the headlight shining eastward down the tracks; a passenger train approaches from the east and passes the automobile, and then meets the freight train going in the opposite direction, on the track on which the automobile is; then a freight train on the south track approaches the place where the automobile is on the middle track, and the engineer on that train sees the red light of the automobile and sees the parties trying to get the automobile off of the track, and first decides to stop, shutting off steam to do so, and then changes his mind and proceeds with his train quite a distance past the automobile before stopping.

If the defendant company, through the engineer of the passenger train, did not know of the position of the automobile on the track in a place of dan-

ger, it did have actual knowledge of that situation when the engineer of the freight train observed it and appreciated the danger, and at that time the company also knew that it was operating a train on the middle track which in a short time would reach the place where the automobile was, which train was traveling in the same direction as the freight on the south track; the engineer of the first freight, by deciding not to stop at the crossing, carried his conductor past the automobile, and he was unable to get back and go far enough towards the oncoming train on the middle track to stop it before it hit the automobile.

That situation presents a question for the jury to determine, regardless of whose fault it was that the automobile was on the track—whether the company, knowing of the presence of the automobile on the track, and of its approaching train on that track, exercised reasonable and ordinary care to stop said train and prevent its demolishing said automobile, such inquiry embracing, of course, the conduct of those in charge of both trains.

A fair construction of all that the court said on the subject leads us to the conclusion that the court charged the jury that ordinary care on the part of the plaintiff required him to go up or down the track and signal the train on the middle track to stop, and that his failure to do so was negligence. Under the circumstances as here set forth we hold that it was error for the court to so charge.

The court did not merely charge that after the plaintiff saw the train approaching, if he had time and opportunity it was his duty to signal the train to stop, but the court charged that "After getting in that position * * * it was his duty, as soon

as he could  *  *  *  to go up or down the track, whichever it might be, and attempt to give a signal."

As has been pointed out, the headlights of plaintiff's automobile shone down the track to the east, and his red light to the west, and he did not know when a train would be coming on the middle track, nor from which direction it would come; he had no lantern and he might well have thought that the surest way to avoid damage to his car was by getting it off of the track, which he tried to do.

In charging the jury as to the duty of the defendant the court said:

"Did the defendant's employes, after they learned of the situation, do what they reasonably could to flag the train which struck this automobile; and if they did, did the engineer of that train, after he saw the signal, exercise reasonable care in attempting to stop his train before it struck the automobile? If he did do that, then they would not be guilty of negligence in this case."

It will be noticed that the court charged the defendant's employes in charge of the first freight train with the duty of doing what they reasonably could to flag the second freight train, but the court did not instruct the jury that after the defendant's employes learned of the situation it was their duty to stop their train *as soon as they could* and send a flagman back to flag the train which they knew would soon come on the middle track. If they had done that, the destruction of the automobile would probably have been prevented. But the court very properly left it to the jury to determine whether the exercise of ordinary care required the employes in charge of said train to stop it before they did,

in order that the flagman might reach a point where the train that was expected could be stopped before it reached the automobile; and in like manner the court should have left it to the jury to determine whether under all the circumstances ordinary care required the plaintiff to go down the track and attempt to signal the train rather than try to get his automobile off the track.

This error was prejudicial, for it is difficult to see how the plaintiff could have done anything more in the way of signalling than was done, and it is easy to see how the employes of the defendant on the first freight, who knew that the second freight would soon reach the scene, could have done that which would likely have rendered effectual their signalling. Moreover, we are of the opinion that the judgment in this case is manifestly against the weight of the evidence, and, therefore, upon that ground and for error in the charge of the court the judgment is reversed and the cause remanded.

*Judgment reversed, and cause remanded.*

PARDEE, P. J., and FUNK, J., concur.